STATE OF MISSOURI, Respondent, v. D. H. ROCKWELL Appellant.

Kansas City Court of Appeals, June 15, 1885.

CRIMINAL LAW—"INFORMATION."—The term "information," as used in Section 12, Article II, of the Constitution of 1875, is to be understood in its common law sense; *i. e.*, a criminal charge exhibited by the attorney general or other proper officer. The *affidavit* of a private individual is not an information, and will not, therefore, support a prosecution for crime, and a prosecution so instituted should be dismissed. See *State v. Kelm,* 79 Mo. 515; *State v. Sebecca,* 76 Mo. 55.

APPEAL from Nodaway Circuit Court, HON. H. S. KELLY, J.

*Reversed, and prosecution dismissed.*

Statement of case by the court.

This is a prosecution, charging drunkenness in office, under section 1642 of the Revised Statutes, instituted in a justice's court upon the affidavit alone of a private

citizen. There was filed before said justice no informa-
tion by the prosecuting attorney of the county. Upon a
trial in the justice's court, the defendant was found
guilty. The defendant appealed to the circuit court of
Nodaway county. In the circuit court he was again
found guilty, and judgment was therein accordingly
rendered against him. He has brought the case here by
appeal.

WILL R. GAY, B. P. DUFFY, with W. A. BURDICK,
for the appellant.

I.   This prosecution was commenced before a justice
of the peace on *complaint* of a private person, charging
offence under section 1642, Revised Statutes. *Under
this section*, the legislature intended the forfeiture of
office as a part of the punishment (*State v. Lawrence*, 45
Mo. 492), and courts have no power to reduce the punish-
ment below the *minimum* fixed by law.

II.   A justice of the peace had no jurisdiction to
try and dispose of causes arising under this section.
They are confined to authority expressly conferred, and
none is conferred here. *State v. Metzger*, 26 Mo. 65.

III.   No information was filed by the prosecuting
attorney, based upon the affidavit. No prosecution
founded upon an *affidavit* alone could be sustained.
*State of Mo. v. Sebecca*, 76 Mo. 55 ; *State of Mo. v. Kelm*,
79 Mo. 515.

B. G. BOONE, attorney general, for the state.

I.   Jurisdiction is given justices to hear and deter-
mine informations, under section 1642, Revised Statutes.
The *proviso* limiting proceedings of forfeiture to courts
of record, shows justices have jurisdiction as to the other
modes of punishment.

II.   Forfeiture of office is not expressly made a part
of the punishment under this section, as did the statute
construed in 45 Mo. 492.

III.   Circuit courts and justices have jurisdiction,
the *first*, to fine or imprison, or both, and adjudge the
defendant to have forfeited his office; the *second*, to fine

or imprison, or both, but *not* to adjudge forfeiture of office.

Opinion by HALL, J.

It is not necessary to notice more than one point made here by defendant.

No information was filed with the justice by the prosecuting attorney. The prosecution was based upon an affidavit alone of a private citizen. A prosecution so instituted can not be maintained. *The State v. Kelm*, 79 Mo. 515.

The judgment of the circuit court is reversed, and the prosecution is dismissed.